IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

─────────────────────────────────────────────────────

| | |
|---|---|
| HAROLD MADRID, | ) **ORDER TO SHOW CAUSE &** |
| | ) **MEMORANDUM DECISION** |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:13-CV-42 CW |
| | ) |
| DENNIS SORENSEN et al., | ) |
| | ) District Judge Clark Waddoups |
| Respondents. | ) |

─────────────────────────────────────────────────────

Petitioner, Harold Madrid, an inmate at Central Utah Correctional Facility, filed a federal habeas-corpus petition here, in which he challenges his imprisonment.  He is serving a one-to-fifteen-year sentence on a conviction for sexual abuse of a child.

This petition appears to contest, under 28 U.S.C. § 2254, his sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence.  Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence.  Under § 2241, he appears to argue, among other similar possibilities, that the Utah Board of Parole and Pardons (BOP) improperly executed his sentence by not following "the matrix" which would have limited his time served to eighty-four months.

**ANALYSIS**

**a. Utah's Indeterminate Sentencing Scheme**

Petitioner possibly attacks the constitutionality of Utah's indeterminate-sentencing scheme.  The same challenges were

soundly rejected by the Tenth Circuit.  *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010).  The Court thus proposes to deny any relief on the basis of this possible § 2254 claim.

### b. Questions of State Law

The Court next addresses any of Petitioner's possible assertions under § 2241 that he was entitled to an earlier release, based on "the matrix"; that BOP did not protect his constitutional rights in determining whether to grant him parole (by following guidelines, among other things); and, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C.S. § 2241(c) (2013).  As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights.  Nor can he do so effectively.  After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of one-to-fifteen years.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Neither does the Utah parole statute create a liberty

2

interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

The Court also considers Petitioner's possible arguments, about due process in parole determinations, based on *Labrum*. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

**CONCLUSION**

The Court proposes to deny all Petitioner's habeas claims because they do not survive an analysis on the merits. Further, Petitioner's claims about the Sex Offender Treatment Program and any classification changes he may have experienced due to being expelled from SOTP are civil-rights claims inappropriately brought in this habeas petition and are thus dismissed.

IT IS THEREFORE ORDERED that Petitioner has thirty days to show cause why his habeas petition should not be DENIED.

DATED this 5th day of May, 2013.

BY THE COURT:

CLARK WADDOUPS
United States District Judge