IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HAROLD MADRID, | **MEMORANDUM DECISION & DISMISSAL ORDER** |
| Petitioner, | |
| v. | Case No. 2:13-CV-42 CW |
| DENNIS SORENSEN et al., | District Judge Clark Waddoups |
| Respondents. | |

Petitioner, Harold Madrid, an inmate at Central Utah Correctional Facility, filed a federal habeas-corpus petition here, in which he challenges his imprisonment. He is serving a one-to-fifteen-year sentence on a conviction for sexual abuse of a child.

This petition appears to contest, under 28 U.S.C. § 2254, his sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence. Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence. Under § 2241, he appears to argue, among other similar possibilities, that the Utah Board of Parole and Pardons (BOP) improperly executed his sentence by not following "the matrix" which would have limited his time served to eighty-four months.

On May 5, 2013, in an Order to Show Cause, the Court proposed to deny all Petitioner's habeas claims because they do not survive an analysis on the merits. Further, Petitioner's claims about the Sex Offender Treatment Program and any classification changes he may have experienced due to being expelled from SOTP are civil-rights claims inappropriately brought in this habeas petition and were thus dismissed.

In his response to the Order to Show Cause, Petitioner challenges the BOP's authority to

determine his actual term of imprisonment within his one-to-fifteen-year sentence. Citing *Booker*, *Blakely*, and *Apprendi*.[1] he argues that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[2] Petitioner never states how the BOP's decision to keep him in prison until the end of his sentence violates any federal right. Nor can he do so effectively. After all, there is no federal constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence.[3] Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection.[4]

As to *Booker*, *Blakely*, and the constitutionality of indeterminate sentencing schemes, Petitioner's assertions fail. *Booker* (in which the Supreme Court explained that the federal sentencing guidelines are advisory[5]) and *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the statutory

---

[1] *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] 28 U.S.C.S. § 2241 (2013).

[3] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

[4] *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

[5] *Booker*, 543 U.S. at 245-46.

maximum[6]) are both inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range*. Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional.[7]

*Apprendi* also appears inapplicable. *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[8] This case involves a plea agreement. So, Petitioner, choosing not to involve a jury, admitted the facts underlying his conviction and sentence, knowing the sentence to be imposed by the state court would be one-to-fifteen years (even if he believed he would actually serve less than fifteen). Petitioner got exactly what he bargained for: fifteen years as the prescribed statutory maximum.

**IT IS THEREFORE ORDERED** that this petition is **DENIED**.

DATED this 21st day of , October 2013.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge

---

[6] *Blakely*, 542 U.S. at 308-14.

[7] *Blakely*, 542 U.S. at 308.

[8] *Apprendi*, 530 U.S. at 490.